UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DONALD S. LANG,  CIVIL NO. 10-4161 (JRT/JSM)

    Plaintiff,

v.  REPORT AND RECOMMENDATION

MICHAEL J. ASTRUE
Commissioner of Social Security,

    Defendant.

The above-entitled matter came before the undersigned United States Magistrate Judge upon defendant's Motion to Dismiss [Docket No. 10]. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

Plaintiff initiated this case on October 6, 2010. See Docket No. 1. By this action, the plaintiff sought judicial review of a determination of the defendant which denied plaintiff's Application for Disability Insurance Benefits. On December 13, 2010, as is required by the Local Rules of this District, defendant filed an Answer [Docket No. 6] and a Certified Copy of the Transcript of the Record of the Administrative Proceedings [Docket No. 7].

Plaintiff failed to file his motion for Summary Judgment within sixty (60) days as required by Local Rule 7.2(b)(1) of the Local Rules of the United States District Court for the District of Minnesota, which would have been February 10, 2011. Thereafter, on March 11, 2011, plaintiff was ordered by this Court pursuant to Local Rule 7.2(b)(1), to "serve and file his Motion for Summary Judgment on or before March 31, 2011." See March 11, 2011 Order [Docket No. 9].

On April 6, 2011, defendant sent plaintiff a letter notifying him of his obligation to file a motion for summary judgment by March 31, 2011 and that defendant would move to dismiss if he did not comply or move for an extension of time within 10 days.

On May 4, 2011, defendant served and filed the present Motion to Dismiss, seeking dismissal of plaintiff's action with prejudice for a lack of prosecution, based on plaintiff's failure to bring a motion for summary judgment.  See Docket Nos. 10-13.  As of the date of this Report and Recommendation, the Court has not received plaintiff's motion for summary judgment or a request for an extension to file such a motion.

Plaintiff has not communicated with the Court for more than nine months and has ignored the motion to dismiss that had been pending since May of 2011.  Therefore, based on plaintiff's failure to abide by Local Rule 7.2(b)(1) and to comply with this Court's March 11, 2011 Order requiring him to file his motion for summary judgment by March 31, 2011, his failure to respond despite defendant's motion seeking to dismiss his action, and his continued failure to prosecute his case since October 6, 2010, it is now recommended that plaintiff be deemed to have abandoned this action, and that the action be dismissed, with prejudice, for failure to prosecute.  See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."); Givens v. A.H. Robins Co., 751 F.2d 261, 263 (8th Cir. 1984) (finding that dismissal with prejudice under Rule 41 is appropriate where

there is a willful disobedience of a court order or continued or persistent failure to prosecute a complaint).[1]

## RECOMMENDATION

For the reasons set forth above and based on all the files, records, and proceedings herein,

**IT IS RECOMMENDED THAT:**

1. Defendant's Motion to Dismiss [Docket No. 10] be **GRANTED**; and

2. Plaintiff's Complaint [Docket No. 1] be **DISMISSED with Prejudice**.


Dated: July 6, 2011

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

---

[1] It should also be noted that even if plaintiff's Complaint were to dismissed without prejudice, the applicable statute of limitation, 42 U.S.C. § 405(g), has run. 42 U.S.C. § 405(g) provides a sixty (60) day timeframe following any final decision of the Commissioner of Social Security in which review of such decision by a civil action may be obtained. This window for review has long since passed. Further, even if this statute of limitation was deemed tolled while plaintiff waited for defendant's Answer and accompanying documentation (October 6, 2010–December 13, 2010), a considerable amount of time, well exceeding 60 days, has passed while this Court and defendant have waited further action in this matter by the plaintiff.

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 20, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.